UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor Shelton,<br><br>    Petitioner,<br><br>v.<br><br>United States Department of Justice,<br><br>    Respondent. | Case No. 24-cv-2887 (NEB/DTS)<br><br>**REPORT AND RECOMMENDATION** |

This matter comes before the Court on Petitioner Victor Shelton's (1) Petition for a Writ of Mandamus, Dkt. No. 1 (Petition); and (2) motion received by the Court on July 22, 2024, Dkt. No. 4 (Motion). The Court recommends denying the Petition and the Motion for the following reasons.

In June 2018, authorities in Minnesota's Stearns County charged Shelton with three counts related to prostitution and sex trafficking. *See* Compl. 1–2, *State v. Shelton*, No. 73-CR-18-5517 (Minn. Dist. Ct.); *cf.* Minn. Stat. § 609.322, subd. 1(a)(1); *id.* § 609.322, subd. 1(a)(3); *id.* § 609.322, subd. 1(a)(4).[1] Shelton pleaded guilty to receiving profits from prostitution and received a 168-month prison sentence. *See* Pet. to Enter Plea of Guilty in Felony or Gross Misdemeanor Case Pursuant to Rule 15 at 3, *State v. Shelton*, No. 73-CR-18-5517 (Minn. Dist. Ct. June 13, 2019); Order and Warrant of Commitment 2, *State v. Shelton*, No. 73-CR-18-5517 (Minn. Dist. Ct. June 13, 2019).

---

[1] Certain documents from Shelton's state-court prosecution do not appear in this action's docket. Because these records are public court records, however, the Court may take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Bethune v. Baker*, No. 21-CV-2640, 2024 WL 2862132, at *1 n.2 (D. Minn. June 6, 2024) (citing *Stutzka*).

He is currently incarcerated at the Minnesota Correctional Facility–Oak Park Heights in Stillwater, Minnesota. *See, e.g.*, Dkt. No. 1-5 at 1.

The Court received Shelton's Petition and Motion on July 22, 2024. *See* Pet. 1. The Petition asks the Court to compel the U.S. Department of Justice (DOJ) to investigate civil-rights complaints filed by Shelton and his wife. *See, e.g.*, *id.* at 2, 7–10. Those complaints ostensibly allege that the State of Minnesota has manipulated relevant definitions of "sex trafficking" to target racial minorities unfairly while being lenient to white patrons and prostitutes. *See, e.g.*, id. at 3, 6. Shelton also accuses the State of Minnesota of violating federal laws, including the Trafficking Victims Protection Act (TVPA) and the Civil Rights Act of 1964. *See id.* at 3, 4, 6–10. He further asserts that this refusal amounts to complicity in racial discrimination and misuse of federal funding. *See id.* at 10. The Motion similarly requests that the Court require the DOJ to investigate Shelton's allegations. *See* Mot. 1; *see also, e.g.*, Br. in Supp. of Mot. to Compel 2–4, Dkt. No. 5 (Brief).

Shelton has paid the filing fee for this action. *See, e.g.*, Dkt. No. 8. But under 28 U.S.C. § 1915A(a), "a court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires that "the court . . . dismiss the complaint" if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." The critical question is whether the Court can grant the relief requested in the Petition.

Under 28 U.S.C. § 1361, federal district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States

2

or any agency thereof to perform a duty owed to the plaintiff." But a writ of mandamus is an "extraordinary remedy" that "will issue only to compel the performance of 'a clear nondiscretionary duty.'" *Pittston Coal Grp. v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)); *see also, e.g.*, *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016) (making same points (quoting *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006)). The U.S. Court of Appeals for the Eighth Circuit has established that

> [m]andamus may issue under § 1361 . . . only in extraordinary situations and when the plaintiff can establish (1) "a clear and indisputable right to the relief sought," (2) the state officer "has a nondiscretionary duty to honor that right," and (3) there is "no other adequate remedy."

*Mitchael*, 809 F.3d at 1054 (quoting *Castillo*, 445 F.3d at 1060–61; *see also, e.g.*, *United States v. Alatorre*, No. 19-CR-0061(1), 2023 WL 5000216, at *4 (D. Minn. Aug. 4, 2023) (quoting *Mitchael*). The decision also states that "'for mandamus to lie[,] the duty owed to the plaintiff must be ministerial and a positive command so plainly prescribed as to be free from doubt.'" *Id.* (quoting *Keeny v. Sec'y of the Army*, 437 F.2d 1151, 1152 (8th Cir. 1971)); *see also, e.g.*, *Thomas v. Kijakazi*, No. 22-CV-2730, 2023 WL 6148228, at *5 (D. Minn. Sept. 20, 2023) (quoting *Mitchael*)).

Shelton's suggestion that the DOJ has a nondiscretionary duty to investigate claims at his insistence is not novel. But it is well established that "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also, e.g.*, *Pratt v. Helms*, 73 F.4th 592, 594 (8th Cir. 2023) (discussing *Linda R.S.*), *cert. denied*, 144 S. Ct. 567 (2024). Consequently, Shelton has no "clear and indisputable right" to the investigation he demands. Moreover, numerous courts have held that DOJ decisions about which

3

investigations to pursue fall within agency discretion. Thus, the DOJ has no "nondiscretionary duty" to comply with Shelton's request. *See, e.g.*, *Talbert v. Biden*, No. 23-CV-0260, 2024 WL 3445749, at *4 (W.D. Pa. Apr. 11, 2024) (citing cases), *report and recommendation adopted*, 2024 WL 3444374 (W.D. Pa. July 17, 2024); *Bond v. U.S. Dep't of Just.*, 828 F. Supp. 2d 60, 75 (D.D.C. 2011) (same).

Based on the preceding analysis, Shelton's Petition fails to state a claim for which the Court can grant relief. The Court therefore recommends denying the Petition, and given that recommendation, the Court further recommends denying the Motion as moot.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Petitioner Victor Shelton's Petition for a Writ of Mandamus, Dkt. No. 1, be **DENIED**.

2. Shelton's motion received by the Court on July 22, 2024, Dkt. No. 4, be **DENIED** as moot.

Dated: September 10, 2024                   s/David T. Schultz
                                                  DAVID T. SCHULTZ
                                                  U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).