UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR SHELTON, | Case No. 24-CV-2887 (NEB/DTS) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| UNITED STATES DEPARTMENT OF JUSTICE, | |
| Respondent. | |

Victor Shelton filed a Petition for Writ of Mandamus against the United States Department of Justice ("DOJ") asking the Court to compel the DOJ to investigate civil-rights complaints filed by Shelton and his wife. (ECF No. 1.) Shelton also moves to compel the DOJ to investigate these complaints. (ECF No. 4.) In a Report and Recommendation, United States Magistrate Judge David T. Schultz recommends that the petition and motion be denied. (ECF No. 11 ("R&R").) Because Shelton objects to the R&R, (ECF No. 12), the Court reviews the R&R *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Shelton proceeds *pro se*, so the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court has undertaken a *de novo* review and concludes that the analysis and conclusions in the R&R are correct.

Shelton appears to object to the R&R's consideration of his petition under 28 U.S.C. Section 1915A(a) of the Prison Litigation Reform Act ("PLRA"), arguing that his petition

is unrelated to his conviction. The Eighth Circuit has held that the PLRA applies to mandamus petitions even where an underlying civil claim does not relate to a prisoner's conviction.[1] *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) (holding that a mandamus petition arising from a civil rights complaint falls within the scope of the PLRA). Therefore, review of Shelton's petition under Section 1915A was proper. This objection is overruled.

Shelton also objects to the R&R's conclusion that mandamus relief is not available because he has not shown that the DOJ owes a nondiscretionary duty. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (explaining mandamus relief is available "only if the defendant owes [the plaintiff] a clear nondiscretionary duty"). Shelton notes that the caselaw cited in the R&R involved potential *criminal* investigations that the DOJ had discretion to investigate. *See, e.g., Talbert v. Biden*, No. 1:23-CV-0260-SPB-RAL, 2024 WL 3445749, at *4 (W.D. Pa. Apr. 11, 2024) (recommending dismissal of a writ of mandamus over the DOJ's refusal to investigate plaintiff's claims, explaining that initiating "a criminal investigation is a discretionary act and thus not the proper subject of a mandamus request" (citation omitted)), *report and recommendation adopted*, 2024 WL

---

[1] Nor does the fact that Shelton paid the filing fee matter, because Section 1915A's screening procedure applies to all civil complaints filed by prisoners, regardless of payment of filing fee. *Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (Table Decision); *see Iverson v. Dep't of Corr.*, No. 07-CV-4710 (DSD/RLE), 2008 WL 205281, at *2 n.1 (D. Minn. Jan. 24, 2008) (explaining that under § 1915A, district courts are required to screen all suits by prisoners, regardless of whether they seek to proceed *in forma pauperis*).

3444374 (W.D. Pa. July 17, 2024). Shelton distinguishes this line of cases because his petition seeks a civil investigation. He argues that the DOJ has a nondiscretionary duty to investigate his civil-rights complaints.

Shelton's argument fails because the DOJ has discretion to choose which investigations it pursues, whether civil or criminal. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("This Court has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion."); *Block v. SEC*, 50 F.3d 1078, 1081 (D.C. Cir. 1995) (interpreting *Heckler* as recognizing an agency's discretion both to pursue a violation and to determine "whether a violation has occurred"); 42 U.S.C. § 1997a(a) (describing the Attorney General's discretionary authority to pursue civil actions); *id.* § 2000a-5 (same). Because the DOJ does not have a clear, nondiscretionary duty to investigate Shelton's civil rights claims, relief is not available to compel the investigation Shelton seeks.

Therefore, based on all the files, records, and proceedings in this case, IT IS HEREBY ORDERED THAT:

1. Shelton's Objection (ECF No. 12) is OVERRULED;

2. The Report and Recommendation (ECF No. 11) is ACCEPTED;

3. Shelton's Petition for a Writ of Mandamus (ECF No. 1) is DENIED; and

4. Shelton's motion to compel (ECF No. 4) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 21, 2024 BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge